IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FELIX GUZMAN RIVADENEIRA, *Dr. on behalf of the thousands of federal detainees and their families here in United States of America and all over the world,*

  Plaintiff,

  v.              No. CIV 14-00499-MCA-KK

DEPARTMENT OF HOMELAND SECURITY, *D.H.S.*, DEPARTMENT OF IMMIGRATION CUSTOMS ENFORCEMENT, *I.C.E.*, UNITED STATES ATTORNEY GENERAL, CHIEF OPERATOR OF THE DETENTION OPERATION MANUAL, JORGE ADRIAN ORTEGA-GALLEGO, *all the service processing centers (SPCs)*, JORGE ADRIAN ORTEGA-GALLEGOS, *all the Contract detention facilities (CDFs)*, JORGE ADRIAN ORTEGA-GALLEGOS, *all the Intergovernmental service agreement facilities IGSA),*

  Defendants.

MEMORANDUM OPINION AND ORDER

  This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint [Doc. 1].  Plaintiff is incarcerated, appears pro se, and has moved to proceed in forma pauperis ("IFP").  [Docs. 4 and 6]  For the reasons set out below, Plaintiff's motions to proceed IFP will be granted and Plaintiff's civil rights complaint will be dismissed.

  Based on the financial information provided by Plaintiff, the Court finds that Plaintiff "is unable to pay . . . fees or give security," § 1915(a)(1), and, therefore, will grant Plaintiff's motions to proceed IFP.  [Docs. 4 and 6]   Plaintiff is an alien detainee in the custody of the United States

Immigration and Customs Enforcement ("ICE") awaiting deportation. [*See* Docs. 1 and 4] Pursuant to 28 U.S.C. § 1915(h), "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Plaintiff is not a "prisoner" as defined by § 1915 and, therefore, the fee payment provisions of the statute are inapplicable. *See Cohen v. Clemens*, 321 F. App'x 739, 742-43 (10th Cir. 2009) (holding that the fee provisions of the 1996 Prison Litigation Reform Act (PLRA) do not apply to alien detainees in immigration custody) (unpublished opinion); *see also Agyeman v. Immigration and Naturalization Serv.*, 296 F.3d 871, 886 (9th Cir. 2002) (holding that an alien detainee is "not a 'prisoner' within the meaning of the statute, and the PLRA's filing fee provisions do not, therefore, apply"). As such, the Court will not order Plaintiff to pay the full amount of the filing fee or make payments in accordance with § 1915(b).

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's civil rights complaint raises the following claims "on behalf of the thousands of detainees" in ICE custody and their families: (1) deprivation of basic human needs in violation of the cruel and unusual punishment clause of the Eighth Amendment; (2) deliberate indifference to medical needs in violation of the Eighth Amendment; (3) malicious and sadistic use of force to cause harm in violation of the Eighth Amendment; (4) "incarcerated in a punishment way" in violation of the due process clause of the Fifth Amendment; (5) "punitive and unconstitutional" conditions of confinement in violation of *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004); (6) "very bad living conditions like overcrowding, causing a high tension between detainees and guards and among detainees, increasing the risk of altercation and abuse," in violation of international human rights; (7) "punitive disciplinary procedure (segregation) that is widely abused," in violation of international human rights; (8) "physical, sexual and verbal abuse which is often discriminatory in nature," in violation of international human rights; (9) "inadequate access to meaningful grievance procedures and lack of review of detainee complaint, in addition to religious freedom," in violation of international human rights; and (10) "physical, emotional, mental and psychological" suffering because of the lack of oversight from Defendants in violation of international human rights. [Doc. 1 at 1-2]   The complaint seeks injunctive and equitable relief, as well as $210 billion dollars in compensatory damages.   [Doc. 1 at 3]

"A litigant may bring his own claims to federal court without counsel, but not the claims of others."   *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).   "This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others."   *Id.* (internal quotation marks and citation omitted).   Additionally, Plaintiff lacks standing to raise the constitutional claims of others.   *See Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990) ("[T]o the extent a complaint concerns 'inmates' rather than the plaintiff

himself, it is dismissable for failure to allege the plaintiff's standing to proceed."). Therefore, Plaintiff's claims on behalf of other alien detainees and their families will be dismissed.

Although improper venue is an affirmative defense, a district court may consider the issue *sua sponte* under § 1915(e) "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks and citation omitted). In the present case, it is obvious from the face of Plaintiff's civil rights complaint that Plaintiff is confined at the McHenry County Jail in Woodstock, Illinois, complains of events that occurred outside of the District of New Mexico, and has brought claims against Defendants that reside outside of the District. [*See* Docs. 1 and 4] Because Defendants do not reside in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in this District, the Court concludes that venue is improper. *See* 28 U.S.C. § 1391(b)(1), (2); *see also Johnson v. Christopher*, 233 F. App'x 852, 854 (affirming the *sua sponte* dismissal of a civil rights complaint under § 1915(e) for improper venue because "no defendant resides in the Eastern District and no events were alleged to have taken place in the Eastern District") (unpublished opinion).

When venue is improper, the Court has the discretion either to dismiss or to transfer a case pursuant to 28 U.S.C. § 1406 and 28 U.S.C. § 1631. *See Trujillo*, 465 F.3d at 1222-23 (noting that both § 1406 and § 1631 "grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice"). "[F]actors warranting transfer rather than dismissal . . . include finding that the new action would be time barred . . . that the claims are likely to have merit . . . and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Id.* at 1223 n.16 (internal quotation marks and citations omitted).

In assessing the foregoing factors, the Court notes that Plaintiff "has filed the same complaint in approximately sixty other federal district courts." *Rivadeneira v. Dep't of Homeland Security, et al.*, No. 15-12317-RGS, 2015 WL 4111452, *1 (D.Mass. July 8, 2015) (unpublished opinion); *see also Rivadeneira v. Dep't of Homeland Security, et al.*, No. 15-CV-551, 2015 WL 4067780 (E.D. Wis. July 1, 2015) (unpublished opinion). Some of these complaints have been dismissed for improper venue, but others have been transferred to the Northern District of Illinois. *See Rivadeneira*, 2015 WL 4111452, at *1 (dismissing Plaintiff's civil rights complaint, in relevant part, for improper venue); *see also Molinero v. Dep't of Homeland Security*, Civ No. 15-00235 LEK/RLP, 2015 WL 4232391, at *2 n.3 (D. Haw. July 10, 2015) (noting that Plaintiff's civil rights complaint was dismissed, rather than transferred, because many of Plaintiff's identical complaints already had been transferred to the Northern District of Illinois, thus protecting Plaintiff's "claims from outright dismissal and to determination in the appropriate venue") (unpublished opinion). Under the present circumstances, the Court concludes that Plaintiff's civil rights complaint was not filed in good faith because Plaintiff "should have realized that the forum in which he . . . filed was improper." *Trujillo*, 465 F.3d at 1223 n.16; *see also Kelso v. Luna*, 317 F. App'x 846, 848 (10th Cir. 2009) (affirming the dismissal of a habeas corpus petition because the petitioner "should have realized that Oklahoma was an improper forum because an action he previously filed against Mr. Luna in Oklahoma was dismissed, at least in part, for lack of jurisdiction") (unpublished opinion). Accordingly, Plaintiff's civil rights complaint will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's motions to proceed IFP [Docs. 4 and 6] are GRANTED;

IT IS FURTHER ORDERED that Plaintiff's claims on behalf of other ICE detainees and

their families are DISMISSED;

IT IS FURTHER ORDERED that Plaintiff's civil rights complaint [Doc. 1] is DISMISSED without prejudice; and judgment will be entered.

_____
M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE